IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


GERALD HOWELL           :           CIVIL ACTION
                           :
        v.                    :           NO. 05-2843
                           :
MARILYN S. BROOKS et al.     :


**MEMORANDUM**

**Juan R. Sánchez, J.**                                            **August 7, 2006**

Gerald Howell, who is serving a life term at the State Correctional Institute in Albion,

Pennsylvania, filed an application for a writ of habeas corpus under 28 U.S.C. § 2254.[1]  In his

---

[1] **28 U.S.C. § 2254.  State custody; remedies in Federal courts**
    **(a)** The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.
    **(b)(1)** An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that --
        **(A)** the applicant has exhausted the remedies available in the courts
        of the State; or
        **(B)(i)** there is an absence of available State corrective process; or
        **(ii)** circumstances exist that render such process ineffective to protect
        the rights of the applicant.
    . . . .
    **(e)(1)** In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.
    **(2)** If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that --

objections to a Magistrate Judge's Report and Recommendation, Howell argues his habeas

application is not untimely and, even if it is untimely, equitable tolling should prevent dismissal.

After a *de novo* review of Howell's objections, as required by 28 U.S.C. § 636, this Court will adopt

the Report and Recommendation and dismiss Howell's petition as untimely with no basis for

equitable tolling.

Howell was convicted by a jury in Philadelphia county of felony murder[2], robbery[3] and

possession of an instrument of crime[4] on October 24, 1983, and was sentenced on June 25, 1984, to

life imprisonment for second degree murder, with concurrent terms of ten to twenty years for robbery

and two and one-half to five years for possession of an instrument of crime.  On May 31, 1985, the

Pennsylvania Superior Court affirmed Howell's judgment of sentence.  *Commonwealth v. Howell*,

496 A.2d 851 (Pa. Super. 1985) (table).  Howell filed a petition for allowance of appeal to the

Pennsylvania Supreme Court which was denied on December 17, 1986.  *Commonwealth v. Howell*,

No. 908 EDA 1985 (Pa. April 8, 1986).

---

>       **(A)** the claim relies on --
>           . . . .
>           **(ii)** a factual predicate that could not have been previously
>           discovered through the exercise of due diligence; and
>       **(B)** the facts underlying the claim would be sufficient to establish by
>       clear and convincing evidence that but for constitutional error, no
>       reasonable factfinder would have found the applicant guilty of the
>       underlying offense.
>   . . . .

[2] 18 Pa. C.S.  § 2502(b).  Murder of the second degree.

[3] 18 Pa. C.S.  § 3701(a).  Robbery.

[4] 18 Pa. C.S.  § 907.  Possessing instruments of crime.

Howell's first post conviction petition, filed December 31, 1987, under the Pennsylvania Post-Conviction Hearing Act[5] (PCHA), was denied by the PCHA court on November 21, 1990, *Commonwealth v. Howell*, Nos. 3842-3845, January Term, 1983, (Pa. Com. Pl. 1990), and affirmed by the Pennsylvania Superior Court on May 22, 1991. *Commonwealth v. Howell*, 595 A.2d 191 (Pa. Super. 1991) (table). The Pennsylvania Supreme Court denied allocatur on January 13, 1992. *Commonwealth v. Howell*, 602 A.2d 856 (Pa. 1992) (table).

Howell filed a second post conviction petition on January 2, 1997. 42 Pa. C.S.A. § 9541, *et seq.* The PCRA court dismissed the petition as an untimely second petition. *Commonwealth v. Howell*, No. 3842 PCRA, January Term, 1983 (Pa. Com. Pl. 1998). Howell, acting *pro se*, appealed the dismissal of the petition to the Pennsylvania Superior Court. *Commonwealth v. Howell*, 747 A.2d 413 (Pa. Super. 1999) (table). While the appeal was pending in the Superior Court, Howell filed a *pro se* "Petition for Remission of the Record and Remand to the Lower Court/PCRA Petition and New Evidence," in the Superior Court on July 23, 1999. *Commonwealth v. Howell*, No. 3630 Phila. 1998, slip op. at 5 (Pa. Super. July 23, 1999). In his petition for remission of the record, Howell averred Kenneth Parnell,[6] a convicted felon serving a life sentence, confessed to having committed the murder

---

[5]42 Pa. C.S.A. § 9541, *et seq.* Amended from Post-Conviction Hearing Act to Post-Conviction Relief Act in 1988.

[6]Parnell is serving a life sentence at the State Correctional Institution in Rockview, Pennsylvania for his conviction by a jury in Philadelphia County for first degree murder, burglary, conspiracy and possession of an instrument of crime. *Commonwealth v. Parnell*, No. 836 Phila. 1986, slip op. (Pa. Super. Ct. 1987). Parnell's conviction followed his confession to fellow inmates, Robert Mickens and Darryl Workman, at Holmesburg State Prison. *Id.* Workman testified in Howell's trial for murder.

for which Howell was serving a life sentence.[7]  Howell attached an affidavit from Parnell dated July 12, 1999, in which Parnell stated he committed the murder for which Howell was serving life.  *Id.*  On September 9, 1999, the Pennsylvania Superior Court affirmed the order denying the PCRA relief, dismissed the Petition for Remission of the Record and remanded the case to the PCRA court without prejudice to Howell's right to file a new PCRA claim based upon the averments contained in his Petition for Remission of the Record.  *Commonwealth v. Howell*, 747 A.2d 413 (Pa. Super. 1999) (table).

Howell filed a third *pro se* post conviction petition on August 11, 1999,[8] in which he argued Parnell was a newly-discovered witness and Parnell was willing to testify that he, not Howell, had murdered the victim.  Counsel was appointed and filed an amended PCRA petition on May 30, 2001, claiming that Parnell's statement constituted after-discovered evidence and requesting a hearing.  On January 30, 2002, Howell's counsel agreed to permit the court to make a ruling on the pleadings and the trial court dismissed Howell's third PCRA petition as untimely.  (Hr'g Tr. at 2); *Commonwealth v. Howell*, No. CP 8301-3842 (Pa. Com. Pl. Jan. 30, 2002).  Howell filed a *pro se* appeal with the Pennsylvania Superior Court, arguing the trial court erred by granting the Commonwealth's motion to dismiss the petition without granting a hearing to consider Howell's "after-discovered evidence" of Parnell's confession.  (Pet. & Mem. Law, Ex. D, pp. 4-5); *Commonwealth v. Howell*, No. 760 EDA 2002 (Pa. Super. 2002).  The Superior Court found the PCRA court held a hearing and the issue on

---

[7]While Parnell never testified at Howell's trial, Parnell did testify that Howell committed the murder in a preliminary hearing, Transcript of Record, *Commonwealth v. Howell*, MC 83-01-1012 (Mun. Ct. of Phila. Jan. 27, 1983), and several witnesses corroborated Parnell's testimony at Howell's trial.

[8]Howell claims he filed a PCRA petition October 13, 1999, which is not represented on the docket.

appeal was without merit. *Id.* at 4-5.  The court also found the petition was untimely and Howell failed

to plead and prove the confession met the requirements of an exception to the PCRA's timeliness

strictures. *Id.* at 8-10.  The Superior Court affirmed the PCRA court's dismissal of the third petition.

*Id.* at 10-11.  Howell's petition for allowance of appeal in the Pennsylvania Supreme Court was

dismissed on September 21, 2004, as improvidently granted. *Commonwealth v. Howell*, 858 A.2d 74

(Pa. 2004).  Howell sought federal habeas relief on June 15, 2005.

Under the Antiterrorism and Effective Death Penalty Act of 1996[9] ("AEDPA"), a petition for

a writ habeas corpus must be filed within one year "from the latest of (A) the date on which the

judgment became final by the conclusion of direct review or . . . (D) the date on which the factual

predicate of the claim or claims presented could have been discovered through the exercise of due

diligence."  28 U.S.C.A. § 2244(d)(1).  If direct review concluded prior to the enactment of AEDPA,

the one-year period to file a petition does not begin until April 24, 1996. *Miller v. N.J. State Dep't of*

*Corr.*, 145 F.3d 616, 617 (3d Cir. 1998).  In this case, the judgment became final by conclusion of

direct review on March 17, 1986, when Howell's opportunity to appeal to the United States Supreme

Court expired, ninety days after the Pennsylvania Supreme Court denied allocatur.  U.S. SUP. CT. R.

13; 42 Pa. C.S.A. § 9545(b)(3).  Because the date of conclusion of direct review of the claim preceded

AEDPA, Howell's one-year period to file a petition for writ of habeas corpus began April 24, 1996.

Howell was aware of Parnell's affidavit, the factual predicate of the claim, on July 23, 1999, almost

five years before Howell filed his federal habeas petition.

The one-year limitation period may statutorily toll while "a properly filed application for State

---

[9] Pub. L. No. 104-132, 110 Stat. 1214 (codified in relevant part as amended at 28 U.S.C.A. § 2244(d)(1) (Apr. 24, 1996)).

post-conviction or other collateral review with respect to the pertinent judgment or claim is pending

. . . ." 28 U.S.C.A. § 2244(d)(2).   To determine whether a state petition is properly filed, this Court

must look to "'state law governing when a petition for collateral relief is properly filed.'"  *Merritt v.*

*Blaine*, 326 F.3d 157, 163 (3d Cir. 2003) (citing *Fahy v. Horn*, 240 F.3d 239, 243 (3d Cir. 2001) *cert.*

*denied*, 534 U.S. 944 (2001)).  "In *Fahy*, [the Third Circuit] held that a PCRA petition that was

dismissed by the state court as time-barred was not 'properly filed' under AEDPA."  *Id.* (citing *Fahy*,

240 F.3d at 244).  "Relying on the state court's dismissal of the petitioner's PCRA action as untimely,

[the Third Circuit] held that [the district court] was bound by the Pennsylvania Supreme Court's ruling

that the 'PCRA petition was not properly filed as a matter of state law.'" *Id.*  (quoting *Fahy*, 240 F.3d

at 244).  "[T]he [United States] Supreme Court stated that even when the state court considered the

merits of the underlying state claim as well as its timeliness, if the petitioner's delay in filing the state

petition was ultimately found to have been unreasonable it would not toll the AEDPA statute of

limitations."  *Id.* at 166 (citing *Carey v. Saffold*, 536 U.S. 214, 225-26 (2002)).

Howell's first PCRA petition was final before the AEDPA period began, so it has no tolling

effect.  Howell's second PCRA petition was dismissed as untimely.  After a hearing, the trial court

dismissed Howell's third PCRA petition as untimely.  The Pennsylvania Superior Court found that the

issue on appeal was without merit because the PCRA court held a hearing and the Superior Court

affirmed the trial court's dismissal of the PCRA petition as untimely.  The PCRA petitions dismissed

as untimely do not constitute properly filed petitions and do not toll the one-year period.

Howell had until April 23, 1997 to file a timely federal habeas petition, but he did not file one

until June 15, 2005.  Even if the one-year period did not begin until July 23, 1999, when Howell was

aware of Parnell's confession, Howell's habeas petition was filed almost six years later.

6

Equitable tolling is another opportunity to avoid the one-year AEDPA limitation. "[E]quitable tolling is proper only when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.'" *Miller*, 145 F.3d at 618 (quoting *Shendock v. Dir., Office of Workers' Comp. Programs*, 893 F.2d 1458, 1462 (3d Cir. 1990) (en banc)).  There are "two general requirements for equitable tolling: (1) that 'the petitioner has in some extraordinary way been prevented from asserting his or her rights;' and (2) that the petitioner has shown that 'he or she exercised reasonable diligence in investigating and bringing [the] claims.'" *Merritt*, 326 F.3d at 168 (citing *Fahy*, 240 F.3d at 244).  "[C]ourts should be sparing in their use of [equitable tolling] . . . ."  *LaCava v. Kyler*, 398 F.3d 271, 275 (3d Cir. 2005).  The Third Circuit has held "equitable tolling may be appropriate if: (1) the [respondent] has actively misled the [petitioner]; (2) if the [petitioner] has in some extraordinary way been prevented from asserting his rights, or (3) if the [petitioner] has timely asserted his rights mistakenly in the wrong forum." *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999) (internal citations omitted).

Howell does not claim he was actively misled regarding the date of filing of the petition, he has been prevented from asserting his rights in some extraordinary way or he has timely asserted his rights in the wrong forum.  In his objections, Howell fails to provide a reason for not filing his habeas petition until June 2005, almost six years after he was aware of Parnell's confession.  For these reasons, equitable tolling is unavailable.

Howell argues that because the prisoner must exhaust all available state remedies before the prisoner may obtain federal review,[10] his federal habeas petition was timely filed.

Undoubtedly, there will be . . . habeas petitioners who find themselves in . . . situations

---

[10]28 U.S.C.A. § 2254(b)(1)(A).

where their need to exhaust state remedies will create a tension with the one-year statute of limitations in AEDPA. Some of these petitioners may have simply been neglectful of their responsibility to exhaust at the outset, but others, such as those who have legitimate grounds to claim discovery of new evidence, may not have had that opportunity. The federal courts should seek ways to ameliorate the consequences for these petitioners in appropriate cases. . . . Because [petitioner] chose to file his petition in state court rather than in federal court when he had to make a choice, this procedure would be inapplicable.

*Merritt*, 326 F.3d at 170 n.10. Although it was not unreasonable for Howell to have believed he was required to exhaust all state remedies by filing a subsequent PCRA petition prior to filing his federal habeas petition, because Howell does not face the death penalty, equitable tolling is not warranted. *Id.* at 169 (distinguishing *Fahy*, 240 F.3d 239).

Howell claims actual innocence. To avoid a procedural bar to a habeas claim of actual innocence, a habeas petitioner has the burden to show that a constitutional violation has probably resulted in the conviction of one who is actually innocent. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). To establish the requisite probability, the petitioner must show "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Hubbard v. Pinchak*, 378 F.3d 333, 340 (3d Cir. 2004). This showing requires "new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324. The Third Circuit has held that for evidence to be considered new, it must have not been available at the time of trial. *Hubbard*, 378 F.3d at 341. The "court must make its determination concerning the petitioner's innocence in light of all the evidence, including . . . evidence tenably claimed to have . . . become available only after the trial." *Schlup*, 513 U.S. at 328 (internal citation omitted).

Because Parnell is a life-sentenced felon, facing no consequences for lying, even if Parnell's

confession constitutes new evidence for the purpose of this habeas claim, it is not reliable[11] and Howell

has not met the requisite threshold demonstrating that had Parnell's confession been admitted as

evidence, no reasonable juror would have convicted him.  An appropriate order follows.

---

[11] Parnell and Howell were incarcerated together at SCI Dallas when Parnell executed his
confession.  (Resp.'s Motion to Dismiss PCRA Petition), *Commonwealth v. Howell*, No. 3842 at
11 (Pa. Com. Pl. PCRA January Term 1983).